UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                          No. 02-4353

RONALD L. MAXWELL,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-01-226)

Submitted: October 10, 2002

Decided: October 18, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Jeffrey A. Elder, LAW OFFICE OF JEFFREY A. ELDER, Parkersburg, West Virginia, for Appellant. Kasey Warner, United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ronald L. Maxwell pled guilty to possession of child pornography that has been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000). He was sentenced to 57 months' imprisonment. Maxwell's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nevertheless, in his brief, counsel addresses the issue of whether the district court erred in (1) denying Maxwell's motion for a downward departure; and (2) convicting him pursuant to a guilty plea for child pornography, in light of *Ashcroft v. Free Speech Coalition*, 122 S. Ct. 1389 (2002). Although advised of his right to do so, Maxwell did not file a pro se supplemental brief.

Because we find that the district court's decision to deny Maxwell's motion for a downward departure is not reviewable, we dismiss that portion of the appeal. A district court's refusal to grant a downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). The record here clearly shows the district court recognized that it had the authority to grant Maxwell's motion, but declined to do so under the circumstances.

We further find that Maxwell's contention that his guilty plea is involuntary in light of *Ashcroft v. Free Speech Coalition*, 122 S. Ct. 1389 (2002), is without merit. Because Maxwell did not raise this issue below, we review the claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). Specifically, Maxwell maintains he was adjudged guilty under a statute that was overturned by *Ashcroft*. As noted by counsel, however, *Ashcroft* overturned the ban on virtual child pornography under the Child Pornography Prevention Act of 1996, not actual child pornography. *See*

*Ashcroft*, 122 S. Ct. at 1405-06 (2002) (analyzing different provisions of the Child Pornography Prevention Act separately and concluding that only certain subsections violated the First Amendment). Because Maxwell's offense of conviction involved images of actual children, not virtual images, his reliance on *Ashcroft* is misplaced. Accordingly, we affirm Maxwell's conviction.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We therefore dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*